IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


JOHN LANGLEY,                              3:10-CV-01374-BR

       Plaintiff,                      OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

       Defendant.


DAVID W. HITTLE
Swanson Lathan Alexander & McCann, P.C.
388 State Street
Suite 1000
Salem, OR 97301
(503) 581-2421

      Attorneys for Plaintiff


1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**SUMMER STINSON**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA  98104-7075
(206) 615-3704

        Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff John Langley seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


                    <u>**ADMINISTRATIVE HISTORY**</u>

    Plaintiff filed his applications for SSI and DIB on August 21, 2007, and alleged a disability onset date of

2 - OPINION AND ORDER

April 1, 1995.  Tr. 52.[1]  The applications were denied initially
and on reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on May 11, 2010.  Tr. 31-51.  At the hearing, Plaintiff
was represented by an attorney.  Plaintiff and a vocational
expert (VE) testified.

The ALJ issued a decision on June 14, 2010, in which he
found Plaintiff is not entitled to benefits.  Tr. 5-22.  That
decision became the final decision of the Commissioner on
September 9, 2010, when the Appeals Council denied Plaintiff's
request for review.  Tr. 1-3.


## BACKGROUND

Plaintiff was born on August 29, 1962, and was 47 years old
at the time of the hearing.  Tr. 98.  Plaintiff has an eighth-
grade education.  Tr. 127.  Plaintiff does not have any past
relevant work experience.  Tr. 14.

Plaintiff alleges disability due to anxiety, dyslexia, back
pain, panic attacks, diabetes, and a "learning disability."
Tr. 123.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the

---

[1]  Citations to the official transcript of record filed by
the Commissioner on April 5, 2011, are referred to as "Tr."

medical evidence.  *See* Tr. 11, 13-14.


## <u>STANDARDS</u>

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility,

resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).


## DISABILITY ANALYSIS

**I.    The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commis-

sioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential

analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged

in substantial gainful activity since his April 1, 1995, onset
date.  Tr. 10.

At Step Two, the ALJ found Plaintiff has severe impairments
of lumbar degenerative disc disease, coronary-artery disease,
diabetes mellitus, and a left rotator-cuff injury.  Tr. 10.

At Step Three, the ALJ concluded Plaintiff's impairments do
not meet or equal the criteria for any Listed Impairment from 20
C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff
is able to lift and/or to carry up to 20 pounds occasionally and
ten pounds frequently; to stand and/or to walk up to six hours in
an eight-hour work day; to sit six hours in an eight-hour work
day; to push and/or to pull with his upper extremities; to climb
ladders, ropes and scaffolds; to stoop; to kneel; to crouch; to
crawl; and to reach overhead with his left upper extremity
occasionally.  Tr. 12.

At Step Four, the ALJ concluded Plaintiff does not have any
past relevant work.  Tr. 14.

At Step Five, the ALJ found Plaintiff can perform jobs that
exist in significant numbers in the national economy.  Tr. 15.
Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) found at Step
Two that Plaintiff's alleged impairments of knee pain and

fibromyalgia are not severe and (2) gave "little weight" to the
opinion of Paul Haddeland, M.D., treating physician.

**I.    The alleged error by the ALJ at Step Two was harmless.**

At Step Two the claimant is not disabled if the Commissioner
determines the claimant does not have any medically severe
impairment or combination of impairments.  *Stout*, 454 F.3d at
1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  A
severe impairment "significantly limits" a claimant's "physical
or mental ability to do basic work activities."  20 C.F.R.
§ 404.1521(a).  *See also Ukolov*, 420 F.3d at 1003.  The ability
to do basic work activities is defined as "the abilities and
aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(a),
(b).  Such abilities and aptitudes include walking, standing,
sitting, lifting, pushing, pulling, reaching, carrying, handling,
seeing, hearing, speaking; understanding, carrying out, and
remembering simple instructions; using judgment; responding
appropriately to supervision, co-workers, and usual work
situations; and dealing with changes in a routine work setting.
*Id.*

As noted, the ALJ found Plaintiff has the severe impairments
of lumbar degenerative disc disease, coronary artery disease,
diabetes mellitus, and a left rotator-cuff injury.  Plaintiff,
however, asserts the ALJ erred at Step Two when he did not find
Plaintiff's alleged impairments of knee pain and fibromyalgia to

be severe.

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two is harmless when Step Two was resolved in claimant's favor).

In addition, the record reflects Howard Gandler, M.D., examining physician, determined Plaintiff does not meet the diagnosis of fibromyalgia because "he is not tender in enough points." Tr. 345. The record does not reflect a diagnosis of fibromyalgia by any doctor.

Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in failing to identify another alleged impairment as severe is harmless.

**II.  The ALJ did not err when he gave little weight to the opinion of Dr. Haddeland.**

Plaintiff asserts the ALJ erred when he rejected the March 25, 2010, opinion of Dr. Haddeland, treating physician, that Plaintiff needed to rest lying down for four hours in an eight-hour work day, could sit two hours in an eight-hour work day, could stand two hours in an eight-hour work day, could lift up to ten pounds occasionally, and would miss 20 work days per month. Tr. 899-901.

10 - OPINION AND ORDER

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

The ALJ gave "little weight" to Dr. Heddeland's opinion on the ground that Dr. Heddeland relied on Plaintiff's subjective reports of pain and limitations. Tr. 14. The ALJ found Plaintiff not to be credible, and Plaintiff does not challenge that finding. The ALJ also noted Dr. Heddeland's opinion was contradicted by the April 2008 opinion of Alexander Lanfield, M.D., examining physician. Dr. Landfield opined Plaintiff could stand and/or walk four to six hours in an eight-hour work day, could sit without restriction, and could lift and/or carry 20 pounds occasionally. Tr. 752.

The Court concludes on this record that the ALJ did not err when he gave little weight to Dr. Heddeland's opinion because he provided legally sufficient reasons for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 14th day of November, 2011.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER